## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRIENDS OF THE EARTH,<br>1101 15th Street NW, 11th Floor<br>Washington, D.C. 20005,<br><br>and<br><br>CENTER FOR BIOLOGICAL DIVERSITY<br>378 N. Main Avenue<br>Tucson, Arizona 85701<br><br>       Plaintiffs,<br><br>  v.<br><br>U.S. ENVIRONMENTAL PROTECTION<br>AGENCY,<br>1200 Pennsylvania Ave. NW,<br>Washington, D.C. 20460,<br><br>       Defendant. | Case No.:<br><br>**COMPLAINT FOR DECLARATORY<br>AND INJUNCTIVE RELIEF** |

## INTRODUCTION

1.      In this action, Friends of the Earth ("FOE"), an environmental organization that

works to champion the causes of a clean and sustainable planet, and the Center for Biological

Diversity ("Center"), a conservation organization that works to protect native wildlife species

in their natural habitats, challenge the failure of the Environmental Protection Agency

("EPA") to provide any and all records held by the EPA Office of the Administrator of *inter*

*alia* meetings, communications, and correspondence between the EPA and employees of the

following: (1) the firm Williams and Jensen; (2) Smithfield Foods, Inc. or Smithfield's

Foundation; (3) Faegre Baker Daniels; (4) ConocoPhillips and/or its subsidiaries; (5) Ardagh

Group and/or its subsidiaries; (6) Devon Energy and/or its subsidiaries; and (7) Continental Resources and/or its subsidiaries.

2.      The agency's refusal *inter alia* to provide the records undermines the Freedom of Information Act's ("FOIA") statutory words and policy of government transparency.

3.      EPA is unlawfully withholding public records, which FOE and the Center requested pursuant to FOIA, by failing to conduct an adequate search for responsive records and by failing to provide FOE and the Center with responsive records, for which there are no applicable FOIA exemptions. Prompt access to these records is necessary to fulfill FOIA's purpose, thus FOE and the Center seek declaratory relief establishing that EPA violated FOIA, or alternatively, the Administrative Procedure Act ("APA"), FOE and the Center also seek injunctive relief directing EPA to conduct searches for responsive records and to provide FOE and the Center with all responsive records without any further delay.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this matter pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331 because this action arises under FOIA, the APA, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

5.      Venue properly vests in this Court pursuant to 5 U.S.C. § 552(a)(4)(B), which provides venue for FOIA cases in this district and because a portion of the responsive records may be found in this district.

6.      Declaratory relief is appropriate under 28 U.S.C. § 2201.

7.      Injunctive relief is appropriate under 28 U.S.C. § 2202 and 5 U.S.C. § 552(a)(4)(B).

## PARTIES

8.      Plaintiff CENTER FOR BIOLOGICAL DIVERSITY is a national, non-profit
conservation organization with offices throughout the United States. The Center has more
than 68,000 members. The Center and its members are harmed by EPA's violations of FOIA,
or alternatively the APA, as such violations preclude the Center from gaining a full
understanding of the communication records, correspondence records, and meeting records
of the EPA's Office of the Administrator and employees of the several firms and companies
requested.

9.      Plaintiff FRIENDS OF THE EARTH is an international environmental
organization with 75 national member groups. FOE and its members are harmed by EPA's
violations of FOIA, or alternatively the APA, as such violations preclude FOE from gaining a
full understanding of the communication records, correspondence records, and meeting
records of the EPA's Office of the Administrator and employees of the several firms and
companies requested.

10.     Defendant ENVIRONMENTAL PROTECTION AGENCY is an agency of the
U.S. government. EPA is responsible for protecting human health and the environment, and
ensuring that national efforts to reduce environmental risks are based on the best available
scientific information. EPA is in possession and control of the records that FOE and the
Center seek, and as such, it is subject to FOIA pursuant to 5 U.S.C. § 552(f). EPA is a federal
agency responsible for applying and implementing the federal laws and regulations at issue
in this complaint.

**STATUTORY BACKGROUND**

11.      FOIA's basic purpose is for government transparency. It establishes the public's right to access all federal agency records unless such records may be withheld pursuant to one of nine, narrowly construed FOIA exemptions. 5 U.S.C. § 552(b)(1)-(9).

12.      Within 20 working days of receiving a FOIA request, an agency must determine if it will release requested records and must notify the requester of its determination and the reasons therefor, the right to seek assistance from the FOIA Public Liaison, and the right to appeal an adverse agency determination. *Id.* § 552(a)(6)(A)(i).

13.      An agency may toll the 20-working-day deadline to seek additional information or clarification from a requester, but that tolling period ends when the agency receives such information or clarification. *Id.* § 552(a)(6)(A)(ii).

14.      In "unusual circumstances," an agency may extend the time to make a determination by no more than 10 additional working days, but it must provide written notice to the requester setting forth the unusual circumstances for the extension and "the date on which a determination is expected to be dispatched." *Id.* § 552(a)(6)(B)(i). If the agency provides written notice that the request cannot be processed with the specified time limit, the agency shall provide "an opportunity to limit the scope of the request so that it may be processed within" the statutory time limit or "an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request" and shall make available its FOIA Public Liaison" to "assist in the resolution of any disputes between the requester and the agency." *Id.* § 552(a)(6)(B)(ii).

15.      FOIA requires each agency to search for records in a manner that is reasonably calculated to locate all records that are responsive to the FOIA request. *Id.* § 552(a)(3)(C)-

(D).

16.     FOIA requires federal agencies to promptly disclose requested records. *Id.* §

552(a)(3)(A), (a)(6)(C)(i).

17.     In certain limited instances, an agency may withhold records or portions of

records pursuant to nine specific exemptions. *Id.* § 552(b). These exemptions must be

narrowly construed in light of FOIA's dominant objective of disclosure, not secrecy.

18.     FOIA places the burden on the agency to prove that it may withhold responsive

records or portions of records from a requester. *Id.* § 552(a)(4)(B).

19.     FOIA provides this Court jurisdiction "to enjoin the agency from withholding

agency records and to order the production of any agency records improperly withheld from

the complainant." *Id.* § 552(a)(4)(B).

20.     Alternatively, an agency's response to a FOIA request is subject to judicial review

under the APA, which confers a right of judicial review on any person who is adversely

affected by agency action, 5 U.S.C. § 702, and authorizes district courts to compel agency

action that is unlawfully withheld or unreasonably delayed. *Id.* § 706(1). District courts must

set aside any agency action that is found to be "arbitrary, capricious, an abuse of discretion or

otherwise not in accordance with law." *Id.* § 706(2)(A).

## FACTUAL BACKGROUND

### EPA FOIA Request: (Records Held by EPA Office of the Administrator)

21.     On May 2, 2018, FOE submitted to EPA a FOIA request seeking "any and all

records," hereinafter referred to as "the records requested on May 2, 2018," (1) "held by the

EPA Office the Administrator of meetings between the EPA and employees of the firm

Williams and Jensen that took place between January 1, 2017 and May 2, 2018"; (2) "any

and all records held by the EPA Office of the Administrator of communications between the EPA and employees of the firm Williams and Jensen that were sent or received between January 1, 2017 and May 2, 2018"; and (3) "any and all records held by the EPA Office of the Administrator of meetings between EPA and employees of Smithfield Foods, Inc. or Smithfield's Foundation that took place on July 11, 2017."

22.     On May 7, 2018, FOE sent another FOIA request to EPA seeking any and all records, hereinafter referred to as "the records requested on May 7, 2018," of (1) "meetings that occurred between January 1, 2017 and May 7, 2018 involving: (i) staff from the EPA Office of the Administrator Employees of Faegre Baker Daniels"; (ii) "staff from the EPA Office of the Administrator and employees of ConocoPhillips and/or its subsidiaries"; (iii) "staff from the EPA Office of the Administrator and employees of Ardagh Group and/or its subsidiaries"; (iv) "staff from the EPA Office of the Administrator and employees of Devon Energy and/or its subsidiaries"; and (v) "staff from the EPA Office of the Administrator and employees of Continental Resources and/or its subsidiaries"; and (2) "any and all records of correspondence sent and/or received between January 1, 2017 and May 7, 2018 involving: (i) staff from the EPA Office of the Administrator and employees of Faegre Baker Daniels"; (ii) "staff from the EPA Office of the Administrator and employees of ConocoPhillips and/or its subsidiaries"; (iii) "staff from the EPA Office of the Administrator and employees of Ardagh Group and/or its subsidiaries"; (iv) "staff from the EPA Office of the Administrator and employees of Devon Energy and/or its subsidiaries"; and (v) "staff from the EPA Office of the Administrator and employees of Continental Resources and/or its subsidiaries."

23.     EPA assigned the FOIA Request a tracking number, EPA-HQ-2018-007275, on May 2, 2018 for that day's request by Plaintiffs.

24.     EPA assigned the FOIA Request a tracking number, EPA-HQ-2018-007438, on May 7, 2018 for that day's request by Plaintiffs.

25.     EPA never responded to FOE's May 2 request after the tracking number was assigned.

26.     EPA never responded to FOE's May 7 request after the tracking number was assigned.

27.     On October 2, 2018, FOE supplemented the two FOIA Requests to add the Center as a requesting party. In the October 2 letter, Plaintiffs also notified EPA that the agency had violated FOIA's 20-day deadline, 5 U.S.C. § 552(a)(6)(A)(i), and requested an estimated date of completion of a determination on the FOIA Request. *Id*. § 522(a)(7)(B).

28.     As of the date of this complaint, EPA has not responded to Plaintiffs' requests, and has not provided any responsive records to Plaintiffs.

29.     EPA has not provided Plaintiffs with a determination that describes the scope of the records it intends to produce or withhold and the reasons for withholding any records, or informs Plaintiffs that the organizations may appeal any specific adverse determination within the relevant time periods in 5 U.S.C. § 552(a)(6)(A)(i) or 5 U.S.C. § 552(a)(6)(B). Plaintiffs are deemed to have exhausted their administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

30.     EPA has no lawful basis under FOIA for its delay or for withholding the records that Plaintiffs requested in their two substantive FOIA requests.

31.     Plaintiffs have been required to expend resources to prosecute this action.

## FIRST CLAIM FOR RELIEF
## VIOLATION OF THE FREEDOM OF INFORMATION ACT

### Failure to Provide a Determination on the FOIA Requests

32.     Plaintiffs re-allege and incorporate by reference the allegations made in all preceding paragraphs.

33.     EPA violated FOIA by failing to make a determination on or respond in any manner to Plaintiffs' FOIA requests made on May 2, 2018 and May 7, 2018 (and as supplemented on October 2, 2018).

34.     Plaintiffs have a statutory right to receive a determination from EPA, as well as to promptly receive the underlying records they seek.

35.     EPA has still not given Plaintiffs a determination on the FOIA request that describes the scope of the records it intends to produce or withhold and the reasons for withholding any records or informs Plaintiffs that it may appeal any specific adverse determination within the relevant time periods in 5 U.S.C. § 552(a)(6)(A)(i) or 5 U.S.C. § 552(a)(6)(B).  *See also* 5 U.S.C. § 552(a)(7).

36.     Based on the nature of Plaintiffs' organizational activities, they will undoubtedly continue to employ FOIA's provisions in record requests to EPA in the foreseeable future.

37.     Plaintiffs' organizational activities will be adversely affected if EPA continues to violate FOIA's requirement to provide a lawful determination on Plaintiffs' FOIA requests.

38.     Unless enjoined and made subject to a declaration of Plaintiffs' legal rights by this Court, EPA will continue to violate Plaintiffs' rights to receive public records under FOIA.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF THE FREEDOM OF INFORMATION ACT

### Failure to Conduct an Adequate Search for Records Responsive to the FOIA Requests

39.     Plaintiffs re-allege and incorporate by reference the allegations made in all preceding paragraphs.

40.     Plaintiffs have a statutory right to have EPA process its FOIA requests in a manner that complies with FOIA. 5 U.S.C. § 552(a)(3). EPA violated Plaintiffs' rights in this regard when it unlawfully failed to undertake a search that is reasonably calculated to locate all records that are responsive to the Plaintiffs' FOIA requests dated May 2, 2018 and May 7, 2018 (and as supplemented on October 2, 2018).

41.     Based on the nature of Plaintiffs' organizational activities, they will undoubtedly continue to employ FOIA's provisions in record requests to EPA in the foreseeable future.

42.     Plaintiffs' organizational activities will be adversely affected if EPA continues to violate FOIA's requirement to undertake a search that is reasonably calculated to locate records that are responsive to Plaintiffs' FOIA requests.

43.     Unless enjoined and made subject to a declaration of Plaintiffs' legal rights by this Court, EPA will continue to violate Plaintiffs' rights to receive public records under FOIA.

## THIRD CLAIM FOR RELIEF
## VIOLATION OF THE FREEDOM OF INFORMATION ACT

### Failure to Promptly Disclose Records Responsive to FOIA Requests

44.     Plaintiffs re-allege and incorporate by reference the allegations made in all preceding paragraphs.

45.     EPA violated FOIA, 5 U.S.C. § 552(a)(4)(B), and regulations, by refusing to promptly disclose records that are responsive to Plaintiffs' FOIA requests dated May 2, 2018 and May 7, 2018 (and as supplemented on October 2, 2018).

46.     Based on the nature of Plaintiffs' organizational activities, they will undoubtedly continue to employ FOIA's provisions in record requests to EPA in the foreseeable future.

47.     Plaintiffs' organizational activities will be adversely affected if EPA continues to violate FOIA's disclosure provisions as it has in this case.

48.     Unless enjoined and made subject to a declaration of Plaintiffs' legal rights by this Court, EPA will continue to violate Plaintiffs' rights to receive public records under FOIA.

**FOURTH CLAIM FOR RELIEF**
**VIOLATION OF THE FREEDOM OF INFORMATION ACT**

**Failure to Provide Reasonably Segregable Portions of Any Lawfully Exempt Records**

49.     Plaintiffs re-allege and incorporate by reference the allegations made in all preceding paragraphs.

50.     Plaintiffs have a statutory right to any reasonably segregable portion of a record that contains information that is subject to any of FOIA's exemptions. 5 U.S.C. § 552(b).

51.     EPA violated Plaintiffs' rights in this regard by unlawfully withholding reasonably segregable portions of any lawfully exempt records that are responsive to the Plaintiffs' FOIA requests made May 2, 2018 and May 7, 2018 (and as supplemented on October 2, 2018).

52.     Based on the nature of Plaintiffs' organizational activities, they will undoubtedly continue to employ FOIA's provisions in record requests to EPA in the foreseeable future.

53.     Plaintiffs' organizational activities will be adversely affected if EPA is allowed to

continue violating FOIA's disclosure provisions as it has in this case.

54.     Unless enjoined and made subject to a declaration of Plaintiffs' legal rights by

this Court, EPA will continue to violate Plaintiffs' rights to receive public records under

FOIA.

## FIFTH CLAIM FOR RELIEF
## VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT
### (In the Alternative to the First through Fourth Claims)

### Unlawfully Withholding or Unreasonably Delaying Actions That FOIA Requires

55.     Plaintiffs re-allege and incorporate by reference the allegations made in all

preceding paragraphs.

56.     EPA unlawfully withheld agency action by failing to comply with the mandates of

FOIA consequent to its failure and refusal to: (1) provide a timely determination on

Plaintiffs' FOIA requests, (2) conduct an adequate search for records that are responsive to

Plaintiffs' FOIA requests, (3) promptly disclose records that are responsive to Plaintiffs'

FOIA requests, and (4) provide Plaintiffs with reasonably segregable portions of responsive

records in the event that records may be subject to an exemption. EPA's failures constitute

agency actions that are unlawfully withheld, and therefore, these actions are actionable

pursuant to the APA, 5 U.S.C. § 706(1).

57.     Alternatively, EPA unreasonably delayed agency action by failing to comply with

the mandates of FOIA consequent to its failure and refusal to: (1) provide a timely

determination on Plaintiffs' FOIA requests, (2) conduct an adequate search for records that

are responsive to Plaintiffs' FOIA requests, (3) promptly disclose records that are responsive

to Plaintiffs' FOIA requests, and (4) provide Plaintiffs with reasonably segregable portions of

responsive records in the event that records may be subject to an exemption. EPA's failures

constitute agency action unreasonably delayed and therefore actionable pursuant to the APA,

5 U.S.C. § 706(1).

58.     As alleged above, EPA's failure to comply with the mandates of FOIA has injured

Plaintiffs' interests in public oversight of governmental operations and is a violation of its

statutory duties under the APA.

59.     Plaintiffs have no other adequate remedy at law to redress the violations noted

above.

60.     Plaintiffs are entitled to judicial review under the APA, 5 U.S.C. § 702.

**SIXTH CLAIM FOR RELIEF**
**VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT**
**(In the Alternative to the First through Fifth Claims)**

**Violations of FOIA Are Arbitrary, Capricious, An Abuse of Discretion, or Otherwise Not**
**in Accordance with Law**

61.     Plaintiffs re-allege and incorporate by reference the allegations made in all

preceding paragraphs.

62.     EPA violated FOIA's statutory mandates due to its failure and refusal to: (1)

provide a timely determination on Plaintiffs' FOIA requests, (2) conduct an adequate search

for records that are responsive to Plaintiffs' FOIA requests, (3) promptly disclose records that

are responsive to Plaintiffs' FOIA requests, and (4) provide Plaintiffs with reasonably

segregable portions of responsive records in the event that records may be subject to an

exemption. By repeatedly violating FOIA's statutory mandates, EPA's actions are arbitrary,

capricious, an abuse of discretion, or not in accordance with the law and therefore are

actionable pursuant to the APA, 5 U.S.C. § 706(2)(A).

63.     As alleged above, EPA's repeated failure to comply with the mandates of FOIA

has injured Plaintiffs' interests in public oversight of governmental operations and is a
violation of the agency's statutory duties under the APA.

64.     Plaintiffs have no other adequate remedy at law to redress the violations noted
above.

65.     Plaintiffs are entitled to judicial review under the APA, 5 U.S.C. § 702.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court:

A.  Order Defendant to provide lawful determinations on Plaintiffs' FOIA requests as
    required by FOIA by a date certain;

B.  Order Defendant to conduct searches that are reasonably calculated to locate all records
    responsive to Plaintiffs' FOIA requests, with the cut-off date for such searches being
    the date the searches are conducted, and to provide Plaintiffs, by a date certain, with all
    responsive records and reasonably segregable portions of lawfully exempt records
    sought in this action.

C.  Declare that Defendant's failures to undertake searches for and promptly disclose to
    Plaintiffs all records that are responsive to Plaintiffs' FOIA requests, as alleged above,
    are unlawful under FOIA, 5 U.S.C. § 552(a)(6)(A)(i), or in the alternative, are agency
    action that has been unlawfully withheld or unreasonably delayed, 5 U.S.C. § 706(1),
    or are arbitrary, capricious, an abuse of discretion, or not in accordance with law, 5
    U.S.C. § 706(2).

D.  Declare that Defendant's failures to timely make determinations on Plaintiffs' FOIA
    requests are unlawful under FOIA, 5 U.S.C. § 552(a)(6)(A)(i) and (ii), or in the
    alternative, are agency action that has been unlawfully withheld or unreasonably

delayed, 5 U.S.C. § 706(1), or are arbitrary, capricious, an abuse of discretion, or not in

accordance with law, 5 U.S.C. § 706(2)(A).

E.  Declare that Defendant's failures to provide Plaintiffs with reasonably segregable

portions of records which may be lawfully subject to a FOIA exemption, as alleged

above, are unlawful under FOIA, 5 U.S.C. § 552(a)(7)(B), or in the alternative, are

agency action that has been unlawfully withheld or unreasonably delayed, 5 U.S.C. §

706(1), or is arbitrary, capricious, an abuse of discretion, or not in accordance with law,

5 U.S.C. § 706(2).

F.  Award Plaintiffs their costs and reasonable attorney fees pursuant to 5 U.S.C. §

552(a)(4)(E) or 28 U.S.C. § 2412.

G.  Grant such other and further relief as the Court may deem just and proper.


DATED: December 4, 2018                          Respectfully submitted,


                                                 /s/
                                                 William J. Snape, III (D.C. Bar No. 455266)
                                                 Paulo Lopes (D.C. Bar No. 1012910)
                                                 Center for Biological Diversity
                                                 1411 K Street, NW, Suite 1300
                                                 Washington, DC 20005
                                                 (202) 536-9351 (cell)
                                                 (202) 274-4443 (land)
                                                 bsnape@biologicaldiversity.org
                                                 plopes@biologicaldiversity.org

                                                 *Attorneys for Plaintiffs*